of the obligation and the rights of the parties is founded upon the note. Insofar as a surety on the note may incur expense to see that the principal maker pays the note, he could not hope to be reimbursed. His reward must be found in any reduction in the sum that he as surety would have to pay on the note by reason of his vigilance. So it is upon the bond under consideration. Had the court insisted upon the full payment according to its terms the plaintiff would have been compelled to pay $500.00. In addition, thereto, he would have suffered the loss of the expense money resulting from his efforts to apprehend the defendant. The result of these efforts, though costing him more than $400.00, were practically saved to him because he was required to pay but $100.00 on the principal sum of the bond.

As recognized by counsel, there is a paucity of decision on the specific question here presented. However, there are analogous cases. It has been held that the amount of recovery on a bond cannot exceed the amount of the penalty plus interest. **The Kopplitz-Melchers Brewing Co. v Schultz, 68 Oh St 407.** The penalty is treated as liquidated damages upon a breach of a civil bond. 4 R.C.L. 69.

"The surety is entitled to judgment against the principal for the same specific thing he himself has been adjudged to pay." **50 C. J. 273.**

Of course, it would not be urged that the obligee on this bond could collect, in any event, more than the penal sum stated therein and as the rights of the surety grow out of this instrument, he cannot recover from the principal maker more than he could have been required to pay by the strict terms of the bond.

The judgment will be affirmed.

BARNES, J, concurs.

Donald B. DeMuth, Toledo, for plaintiff in error.

August M. Streicher, Toledo, for defendant in error.

### BARNES v COLLINS

Ohio Appeals, 6th Dist, Lucas Co

No 2929. Decided May 21, 1934

Judgment of the Court of Common Pleas is therefore reversed and the cause remanded to that court for further proceedings according to law.

Reversed and remanded.

RICHARDS and WILLIAMS, JJ, concur.

## BREVES v AUER et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13729. Decided Oct 22, 1934

## OPINION

By LLOYD, J.

It is contended by Collins that the judgment of August 31st was vacated for the express purpose of extending the time within which an appeal could be prosecuted to the Court of Common Pleas, an appeal from the judgment of August 31st not having been perfected, and that the vacation of that judgment was an abuse of discretion on the part of the Municipal Court. The record does not show the reason for the vacating and setting aside of the judgment, but does show that the questions in issue were again "submitted" to the court, and it will be presumed, in the absence of evidence to the contrary, that the court acted in good faith and that the action taken by it was warranted and justified. The situation as it now confronts us appears to be that Collins seeks to prevent an appeal from a judgment which he claims is valid and subsisting as to him, when if there were any legal reason therefor, he might have prosecuted error to the Court of Common Pleas to reverse the order vacating the judgment first rendered in his favor.

The facts here presented are unlike the facts stated in the opinion cited to us, involving an appeal from a judgment, which when dismissed, was followed by a second judgment from which a second appeal was attempted, but involve a single appeal from a judgment apparently valid.

Wm. F. Waldeisen, Cleveland, for plaintiff in error.

Lawrence Rich, Cleveland, for defendant in error.

RICHARDS, J, (6th Dist) LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.